# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY TUCKER,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **CIVIL ACTION** |
| | **:** | **NO. 2:03-CV-05015-JP** |
| **MERCK & CO., INC.,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## <u>ORDER</u>

AND NOW, this _____ day of _____ 2003, upon consideration of Merck

& Co., Inc.'s Motion to Dismiss Plaintiff's Complaint, its supporting Memorandum of Law, and

Plaintiff's response thereto, it is hereby ORDERED that said Motion is GRANTED and

Plaintiff's Complaint is hereby DISMISSED with prejudice.


_____
J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY TUCKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 2:03-CV-05015-JP** |
| **MERCK & CO., INC.,** | : | |
| | : | |
| **Defendant.** | : | |

### DEFENDANT MERCK & CO., INC.'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Merck & Co., Inc. ("Merck") moves for dismissal of Plaintiff Troy Tucker's ("Plaintiff") Complaint. The specific grounds for this motion are as follows:

1.      On April 25, 2002, Plaintiff filed a complaint against Merck, alleging that Merck had defamed him and invaded his privacy. Donna M. Tucker and Troy Tucker v. Merck & Co., Inc., Civ. A. No. 02-2421 (E.D. Pa. filed Apr. 25, 2002) (the "prior action").

2.      By Order dated May 2, 2003, Chief Judge Giles granted Merck's Motion for Summary Judgment as to Plaintiff's claims in the prior action.

3.      On or about September 5, 2003, Plaintiff filed this action (the "instant action") against Merck under 42 U.S.C. § 1981 ("Section 1981"). Plaintiff's allegations in Paragraphs 7-9 of his Complaint in the instant action are nearly identical to his allegations in the prior action.

4.      Plaintiff could have asserted a Section 1981 claim in the prior action, but failed to do so. Therefore, Plaintiff is barred by the claim preclusion doctrine from relying on the allegations in Paragraphs 7-9 to support his Section 1981 claim.

5.      Furthermore, if Plaintiff had asserted his Section 1981 claim in the prior action—which he was required to do pursuant to the claim preclusion doctrine—he would have also been required to assert <u>all</u> allegations that supported his Section 1981 claim.  Therefore, all of Plaintiff's allegations in the instant action are barred by the claim preclusion doctrine because Plaintiff has asserted them to support his Section 1981 claim.

**WHEREFORE**, for the reasons stated above and the reasons contained in the accompanying Memorandum of Law, this Court should dismiss Plaintiff Troy Tucker's Complaint.

Respectfully submitted,

_____
JUDITH E. HARRIS (I.D. No. 02358)
DONNA M. ORZELL (I.D. No. 87831)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5028/5574

Attorneys for Defendant
Merck & Co., Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY TUCKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 2:03-CV-05015-JP** |
| **MERCK & CO., INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM  OF LAW IN SUPPORT OF
DEFENDANT MERCK & CO., INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.        INTRODUCTION**

This action (the "instant action") arises out of Plaintiff Troy Tucker's ("Plaintiff") employment with Merck & Co., Inc. ("Merck").  Plaintiff alleges that Merck violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") by discriminating against him because of his race and by retaliating against him.  (Compl. at ¶¶ 1, 28-29).  Merck asserts that under the claim preclusion doctrine, Plaintiff's Section 1981 claim should be dismissed because the claim should have been raised, if at all, in Plaintiff's prior action against Merck (the "prior action").

**II.        STATEMENT OF ALLEGED FACTS**[1]

Plaintiff is an African-American man who is currently employed by Merck as a Contract Analyst in Merck's United States Human Health division.  (Compl. at ¶¶ 3, 5).  Plaintiff alleges that Merck discriminated against him on the basis of his race and retaliated against him in violation of Section 1981.  (Compl. at ¶¶ 28-29).  Plaintiff's Complaint includes allegations

---

[1]        Merck disagrees with many of the facts alleged in the Complaint, but accepts them, as it must, solely for purposes of this Motion.  Fed. R. Civ. P. 12(b)(6).

regarding an investigation Merck conducted to determine whether Plaintiff had violated Merck's conflict of interest policy relating to his wife's dual employment with Merck and Bristol-Myers Squibb Company.  (Compl. at ¶¶ 6-9).  Plaintiff asserted nearly identical allegations in his prior action against Merck.

### III.   ARGUMENT

#### A.   Motion To Dismiss Standard.

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must accept the factual allegations in the Complaint as true and view them in the light most favorable to the Plaintiff.   Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  The Court need not, however, accept Plaintiff's legal conclusions or unwarranted factual inferences.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  If it appears from the face of the Complaint that the Plaintiff can prove no set of facts which would entitle him to relief, the Court should dismiss the Complaint.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Indeed, the purpose of Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-28 (1989).

#### B.    Plaintiff's Section 1981 Claim Is Barred Under The Claim Preclusion Doctrine.

When a plaintiff could have asserted a claim in a prior litigation, the plaintiff is precluded from asserting that claim later under the claim preclusion doctrine.  Morris v. Scardelletti, Civ. A. No. 94-3557, 1994 WL 675461, at *3 (E.D. Pa. Nov. 23, 1994) ("Claims preclusion, formerly referred to as res judicata, gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in an earlier proceeding.") (emphasis added).  The claim preclusion doctrine "promotes finality, certainty and judicial efficiency by barring relitigation of claims."  Inofast Mfg., Inc. v. Bardsley, 103 F. Supp. 2d 847,

849 (E.D. Pa. 2000), aff'd, 265 F.3d 1055 (3d Cir. 2001).  The doctrine "'reduce[s] unnecessary litigation and foster[s] reliance on adjudication.'"  Switlik v. Hardwicke Co., Inc., 651 F.2d 852, 859 (3d Cir.) (quoting Allen v. McCurry, 449 U.S. 90, 95-96 (1980)), cert. denied, 454 U.S. 1064 (1981).  The claim preclusion doctrine applies where there has been:

> (1)     a judgment on the merits in a prior suit involving;
>
> (2)     the same parties or their privies; and
>
> (3)     a subsequent suit based on the same causes of action.

Inofast, 103 F. Supp. 2d at 849 (citing African Int'l Bank v. Epstein, 10 F.3d 168, 171 (3d Cir. 1993)).  In this case, all three of these factors apply to Plaintiff's Section 1981 claim.

### 1.     There Was A Final Judgment On The Merits.

On May 2, 2003, Chief Judge Giles granted summary judgment in favor of Merck in the prior action, finding that Merck had neither defamed Plaintiff nor invaded his privacy.  It is well-established that an entry of summary judgment is a final judgment for purposes of claim preclusion.  Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties."); Berwind Corp. v. Apfel, 94 F. Supp. 2d 597, 609 (E.D. Pa. 2000) (holding that grant of summary judgment in prior federal action was final judgment on the merits for claim preclusion purposes).  Therefore, the first factor has been met.

3

        **2.**      <u>**The Prior Lawsuit Involved The Same Parties.**</u>

Troy Tucker, the Plaintiff in this case, was also a plaintiff in the prior action against Merck.  Therefore, the same parties in the instant action were also parties in the prior action, and the second factor has been met.

        **3.**      <u>**The Instant Lawsuit Is Based On The Same Cause Of Action As The Prior Lawsuit.**</u>

        **a.**      <u>**Plaintiff's Complaint Includes Allegations That Are Nearly Identical To Plaintiff's Allegations In The Prior Action.**</u>

Paragraphs 7-9 of the Complaint contain allegations that are nearly identical to those Plaintiff asserted in the prior action.  The fact that Plaintiff asserted defamation and invasion of privacy claims in the prior action, and is now asserting a Section 1981 claim, is of no consequence.  The requirement that the subsequent suit be based on the same cause of action as the prior suit does not require that the subsequent suit involve the same legal claims as the prior suit.  Even if two lawsuits are based on different claims, claim preclusion still applies if the underlying events giving rise to the claims are similar.  <u>Gen. Elec. Co. v. Deutz Ag</u>, 270 F.3d 144, 158 (3d Cir. 2001) ("The determination of whether two suits are based on the same cause of action turns on the essential similarity of the underlying events giving rise to the various legal claims.").  <u>See, e.g.</u>, <u>W. Sims v. Mack Trucks, Inc.</u>, 463 F. Supp. 1068, 1070 (E.D. Pa. 1979) ("Thus, although the underlying legal theories are different, the trade secrets and unfair competition claims constitute a single cause of action . . . .");  <u>see</u> <u>also</u> <u>United States v. Athlone Indus., Inc.</u>, 746 F.2d 977, 984 (3d Cir. 1984) ("We are thus in keeping with '[t]he present trend . . . in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'") (citing Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)).

In this case, it is clear that Plaintiff cannot rely on the allegations in Paragraphs 7-9 to support his Section 1981 claim.  The underlying events in the instant action and the prior action are more than similar.  Paragraphs 7 and 8 contain nearly verbatim recitations of the allegations Plaintiff made in Paragraph 11 of the complaint in the prior action.

In Paragraph 11 of Plaintiff's complaint in the prior action, Plaintiff alleged:

> Shortly after April 25, 2001, a currently unknown Merck employee contacted Reagan Hull, Mr. Tucker's supervisor, to inform him that Ms. Tucker's employment with Merck had been terminated. Shortly thereafter, Mr. Tucker was summoned to a meeting by Merck's Ombudsman, Maxine Miller, who stated that Merck Human Resources Department/Management had accused him of violating Merck's conflict of interest policy relating to Ms. Tucker's employment with BMS.  Ms. Miller then proceeded to repeatedly question Mr. Tucker regarding the intimate details of his home and married life.  At Ms. Miller's direction, and in a deliberate effort to damage Mr. Tucker's reputation and negatively affect his career opportunities at Merck, Mr. Tucker's supervisor, Randall Mattison, placed a letter in Mr. Tucker's personnel file that essentially accused him of knowingly violating Merck's conflict of interest policy.

See Complaint filed in Donna M. Tucker and Troy Tucker v. Merck & Co., Inc., Civ. A. No. 02-2421 (E.D. Pa. filed Apr. 25, 2002), ¶ 11, attached hereto as Exhibit A.  This allegation is nearly identical to Plaintiff's allegations in Paragraphs 7 and 8 of his Complaint in the instant action:

> Shortly after April 25, 2001, a Merck employee contacted Reagan Hull, Mr. Tucker's supervisor, to inform him that Ms. Tucker had been fired.  Soon thereafter, Mr. Tucker was summoned to a meeting by Merck's Ombudsman, Maxine Miller, who stated that Merck's Human Resources Department/Management had accused him of violating Merck's conflict of interest policy relating to Ms. Tucker's alleged dual employment.

See Plaintiff's Compl. at ¶ 7.

> Thereafter, Ms. Miller "investigated" the accusation against Mr. Tucker, and in so doing repeatedly questioned him about the intimate details of his home and married life.

5

Id. at ¶ 8.  In addition, in Paragraph 9 of his Complaint in the instant action, Plaintiff alleges that "Ms. Miller's 'investigation' of the accusation against Mr. Tucker and the resolution thereof damaged Mr. Tucker's reputation and negatively affected his career opportunities at Merck."  Id. at ¶ 9.  This allegation clearly grows out of Plaintiff's allegations in Paragraphs 7 and 8 of the Complaint.

Thus, it is clear that Plaintiff had every opportunity to assert a Section 1981 claim in the prior action with regard to these factual allegations, but failed to do so.  Therefore, Plaintiff cannot now rely on these factual allegations as a basis for his Section 1981 claim in the instant action.

### b.    The Claim Preclusion Doctrine Also Applies To The Remaining Allegations In The Instant Action.

As explained above, it is clear that Plaintiff was obligated to include a Section 1981 claim, if any, in his prior complaint.  Furthermore, if Plaintiff had included his Section 1981 claim in the prior action, he would have been required to include any allegations that supported the Section 1981 claim.  Williams v. City of Allentown, 25 F. Supp. 2d 599, 603 (E.D. Pa. 1998) ("All facts, allegations, and legal theories which support a particular claim, as well as all possible remedies and defenses, must be presented in one action or are lost.") (citing 18 Moore's Federal Practice § 131.01(3d ed. 1998)); Morris, 1994 WL 675461, at *3 ("Claims preclusion, formerly referred to as res judicata, gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in an earlier proceeding.") (emphasis added).  Therefore, all of Plaintiff's allegations in the instant action should be barred because Plaintiff has asserted them all in support of his Section 1981 claim, which he should have raised in the prior action.

The fact that some of the events Plaintiff alleges in the instant Complaint occurred after the filing of his prior complaint is inconsequential.  Plaintiffs have an obligation to amend their complaints to add allegations or claims even after a lawsuit is filed.  See Bieg v. Hovnanian Enters., Inc., No. CIV. A 98-5528, 1999 WL 1018578, at *3 (E.D. Pa. Nov. 9, 1999) ("[R]es judicata bars any . . . claims that a litigant could have asserted in a prior action including by way of an amended complaint.").  Similarly, in Churchill v. Star Enters., the United States Court of Appeals for the Third Circuit held that the plaintiff was precluded from bringing an action under the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA") when she could have consolidated those claims with a prior action after the complaint had been filed, but before the prior action went to trial.  Churchill v. Star Enters., 183 F.3d 184, 190-92 (3d Cir. 1999).  The Churchill plaintiff was a manager of a convenience store who was diagnosed with cancer while she was employed by the defendant.  Id. at 187.  During her employment, the plaintiff made several requests for accommodations of her disability, all of which her employer allegedly ignored.  Id.  The plaintiff also unsuccessfully sought to take leave provided by the Family and Medical Leave Act ("FMLA").  Id.  Her employer ultimately discharged her, allegedly because of her claimed disability and/or her request for leave.  Id.

Shortly after her discharge, the plaintiff initiated an action in court in which she asserted that her employer had violated the FMLA and committed various common law torts.  Id. She also concurrently filed administrative charges with the Pennsylvania Human Relation Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that her discharge was based on her disability, allegedly in violation of the ADA and the PHRA.  Id. at 188-89.  Approximately two months before her FMLA claim proceeded to trial, the PHRC discontinued its investigation and informed the plaintiff of her right to sue.  Id. at 189. The plaintiff proceeded to trial on her FMLA claim and recovered minimal damages.  Id. at 188.

7

Approximately two months after the FMLA trial, the plaintiff received a notice of right to sue from the EEOC and then filed a second action claiming that her discharge violated the ADA and the PHRA, the subject of her administrative charges.  Id. at 189.

    The Churchill court, however, held that the disability claims contained in the plaintiff's second action were barred by the claim preclusion doctrine because the plaintiff had failed to take reasonable steps to present all of her claims in a single action.  Id. at 191.  The court stated:

> [the employee] should have moved to consolidate [the FMLA and ADA / PHRA actions] for they advanced the same cause of action.  [The employee] could have filed both the PHRA and ADA claims presented in [the second case] in time to join them with her FMLA claim in [the first case].  In the case of the PHRA claim, no special steps were needed to preserve that claim and join it to the FMLA action [because] **prior** to the start of the trial in [the first case], [the plaintiff] knew that the PHRC had dismissed her PHRA complaint, and accordingly she could have brought an action on that claim about three months before [the first case] went to trial.
>
> As for the ADA claim, [the plaintiff] could have requested a right to sue letter [from the EEOC]… on August 25, 1997, well before the [first] trial … [The plaintiff] did not request a right to sue letter, instead waiting for the EEOC to issue it.  Thus, she "sat on her rights" when she could have attempted to join the ADA claim to the FMLA claim in consolidated litigation.

Id. at 191 (underline added, bold in original).  The plaintiff's delay barred her second action on claim preclusion grounds.  The Court warned:  "Attorneys should organize litigation that they are pursuing to avoid claim preclusion."  Id. at 191.

    The most recent event Plaintiff alleges in his Complaint occurred in March 2003, two months before Chief Judge Giles granted Merck's Motion for Summary Judgment.  Thus,

Plaintiff was aware of all of the events alleged in the instant Complaint well before the prior action was dismissed.  However, Plaintiff chose to take no action to consolidate his claims, as he was obligated to do under <u>Churchill</u> and <u>Bieg</u>.  Therefore, the instant action should be dismissed.

### IV.    <u>CONCLUSION</u>

For these reasons, Merck respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

_____
JUDITH E. HARRIS (I.D. No. 02358)
DONNA M. ORZELL (I.D. No. 87831)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5028/5574

Attorneys for Defendant
Merck & Co., Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, Donna M. Orzell, hereby certify that a true and correct copy of Defendant

Merck & Co., Inc.'s Motion to Dismiss Plaintiff's Complaint, and accompanying Memorandum

of Law, were served by hand delivery this 20th day of October 2003 upon:

> Robert T. Vance, Jr., Esquire
> Suite 700
> 1616 Walnut Street
> Philadelphia, PA 19103
>
> Attorney for Plaintiff


_____
DONNA M. ORZELL